**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
Jarrett R. Jenkins,

                Plaintiff,

-against-

NCO Financial Systems, Inc.,

                Defendant,
-----------------------------------------------------------X

COMPLAINT

**CV 14 4125**

TRIAL BY JURY DEMANDED

FEUERSTEIN, J

TOMLINSON, M

Comes now the Plaintiff Jarrett R. Jenkins respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff Jarrett R. Jenkins, is a natural person who resides at 334 Locust Street, Apt-1, West Hempstead, NY 11552-3044.

2. Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a Pennsylvania business entity with an address of 507 Prudential Road, Horsham, PA 19044-2308

3. Upon information and belief Defendant operated on its' own behalf at all times or as an agent, affiliate, partner, or under the employ of an unknown entity.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 USC §1331 and pursuant to The Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681p.

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Upon information and belief Defendant accesses consumer credit reports from the national credit reporting agencies i.e. Experian, Equifax, Transunion and Innovis; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies Equifax, Transunion, and Experian on or about October 1, 2012.

8. Plaintiff found after examining his Transunion consumer credit report that the Defendant NCO had obtained Plaintiff's Transunion consumer credit report in February and March 2011. *See Exhibit-1*

9. Discovery of the violation brought forth herein occurred on October 1, 2012 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

## COUNTS I-II

## FAIR CREDIT REPORTING ACT VIOLATIONS

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

14. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bonafide offer of credit as a result of the inquiry.

16. Plaintiff has never had any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafied offer of credit from the Defendant NCO.

17. On February 6, 2011 and March 6, 2011 Defendant obtained the Transunion consumer credit reports for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

18. At no time did Plaintiff give his consent for NCO to acquire his consumer credit reports from any

2

credit reporting agency.

19. The actions of Defendant obtaining the consumer credit reports of the Plaintiff with no permissible or Plaintiff's consent were willful violations of the FCRA, 15 U.S.C. §1681b and an egregious violation of the Plaintiff's right to privacy.

20. The Defendant had the duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

## REMEDY SOUGHT

WHEREFORE, Jarrett R. Jenkins prays that the Court enter an order that:

1. Declares' that the Defendant's conduct violated the FCRA;
2. Awards statutory damages of $1,000.00 per violation for a total of $2,000.00, as listed under the FCRA, pursuant to 15 U.S.C. §1681n.
3. Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n
4. Other damages as allowed by the court.

Respectfully Submitted,

July 3, 2014

*[signature]*
Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt-1
West Hempstead, NY 11552-3044
516-841-3132
jrobertjenkins@gmail.com

**EXHIBIT- 1**



## Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive your full credit report. These inquiries are not seen by anyone but you and do not affect your score.

## Account Review Inquiries

The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).




**NCO FINANCIAL SYSTEMS**
507 PRUDENTIAL ROA
HORSHAM, PA 19044
Phone number not available
**Requested On:** 03/06/2011, 02/06/2011